IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANDREW S. MACKEY,

   Plaintiff,

v.

USI SOLUTIONS, INC.,

   Defendant.

Case No. 4:19-cv-01948

## COMPLAINT

NOW COMES Plaintiff, ANDREW S. MACKEY, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, USI SOLUTIONS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. ANDREW S. MACKEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Richmond, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

1

8. USI SOLUTIONS, INC., ("Defendant"), is a foreign corporation with its principal place of business located in Bristol, Pennsylvania.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

12. Defendant is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

13. Ten years ago, Plaintiff applied for and was approved for a Bank of America, N.A. credit card.

14. Plaintiff made various charges on the credit card, accruing a balance incurred for personal purposes.

15. Plaintiff did not make payment towards this balance.

16. Plaintiff's balance is a "debt" as defined by 15 U.S.C. § 1692a(5)

17. Plaintiff's balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

18. In 2011, Plaintiff received Form 1099-C for the Bank of America, N.A. credit card debt.

19. Subsequently, Plaintiff's account was placed with Defendant for collection.

20. On several occasions in May 2019, Plaintiff received phone calls from Defendant seeking to collect Plaintiff's Bank of America, N.A. credit card debt.

21. On May 23, 2019, Plaintiff finally answered.

22. Defendant did not disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

23. Defendant did not say the four-year statute of limitations on this debt expired; thus, Defendant was time-barred from legally enforcing this debt.

24. Plaintiff indicated that he no longer owed this debt.

25. Plaintiff further requested that Defendant stop calling.

26. Plaintiff did not receive a written validation notice from Defendant within five days of this call.

27. Defendant's May 23, 2019 call is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. By calling Plaintiff on May 23, 2019, Defendant sought to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

29. In spite of Plaintiff's request, Defendant continued/continues to place phone calls to Plaintiff seeking to collect Plaintiff's Bank of America, N.A. credit card debt.

30. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

32.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

33.     Defendant violated 15 U.S.C. §§ 1692d(5) by continuing to call Plaintiff in spite of Plaintiff's May 23, 2019 request that Defendant stop calling.

34.     Defendant' behavior of continuing to call Plaintiff in spite of Plaintiff's May 23, 2019 requests that Defendant stop calling, was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692e

35.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)     The false representation of –

>    (A)     the character, amount, or legal status of any debt;

  (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2) and e(10)

  36.  When a communication creates confusion about a creditor's right to sue, that is illegal. *Buchanan v. Northland Group*, 776 F.3d 393, 398 (6th Cir. 2015).

  37.  "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

  38.  A misrepresentation about the limitations period amounts to a "straightforward" violation of 15 U.S.C. §§ 1692e(2)(A). *Id*.

  39.  The general rule in Texas is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt.

  40.  It thus is not hard to imagine how attempts to collect time-barred debt might mislead consumers trying their best to repay. *See McMahon*, 744 F.3d at 1021.

  41.  Without disclosure, a well-meaning debt could inadvertently dig herself into an even deeper hole. *See Debt Collection*, 78 Fed. Reg. at 67,876 ("[C]onsumers may believe that when they make a partial payment on a time-barred debt they have only obligated themselves in the amount of the partial payment but in many circumstances that is not true.").

  42.  Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting its right to collect.

  43.  Defendant was aware the collection of Plaintiff's Bank of America, N.A. credit card debt was time-barred and was merely trying to influence Plaintiff to pay the debt without dispute.

**Violation(s) of 15 U.S.C. § 1692g(a)**

  44.  Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

45. Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff written "validation notice" within five days of Defendant's initial communication with Plaintiff.

46. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(2)(A), e(10), and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(2)(A), e(10), and g(a);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

47.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.304

48.    Subsection 392.304(a)(8) of the Texas Finance Code provides:

[i]n debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

    (8)    misrepresenting the character, extent, or amount of a consumer debt.

Tex. Fin. Code Ann. § 392.304(a)(8).

49. Defendant violated Tex. Fin. Code Ann. § 392.304(a)(8) by misrepresenting its right to collect.

50. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.304(a)(8) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)  A person may sue for:

  (1)  injunctive relief to prevent or restrain a violation of this chapter; and

  (2)  actual damages sustained as a result of a violation of this chapter.;

(b)  A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Defendant violated Tex. Fin. Code Ann. § 392.304(a)(8);

B.  an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.  an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.  an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

F.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 30, 2019                                        Respectfully submitted,

                                                           **ANDREW S. MACKEY**

                                                           By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
