IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW S. MACKEY, | COURT FILE NO. 4:19-cv-1948-AHB |
| Plaintiff, | |
| v. | ANSWER OF USI SOLUTIONS, INC. TO PLAINTIFF'S COMPLAINT |
| USI SOLUTIONS, INC., | |
| Defendant. | |

Defendant USI Solutions, Inc. ("USI"), as and for its Answer to the Complaint of Andrew S. Mackey ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

## ANSWER TO NATURE OF ACTION

1. In response to Paragraph 1 of Plaintiff's Complaint, USI admits that Plaintiff has brought this action alleging violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA") and Tex. Fin. Code Ann. § 392 *et seq.*, the Texas Debt Collection Act ("TDCPA").  USI denies that it violated any law.

## ANSWER TO JURISDICTION AND VENUE

2. In response to Paragraph 2 of Plaintiff's Complaint, USI admits that the statutes referenced refer to jurisdiction, but denies that it violated any law.  USI reserves the right to object to subject matter jurisdiction.

4794945v1

3. In response to Paragraph 3 of Plaintiff's Complaint, USI admits that the statutes referenced refer to jurisdiction, but denies that it violated any law. USI reserves the right to object to subject matter jurisdiction.

4. In response to Paragraph 4 of Plaintiff's Complaint, USI admits that the statutes referenced refer to venue, but denies that it violated any law.

## ANSWER TO PARTIES

5. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. USI admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. USI admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

## ANSWER TO FACTUAL ALLEGATIONS

13. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. USI admits the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. USI admits the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. USI admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. In response to Paragraph 22 of Plaintiff's Complaint, USI admits that it did not provide the quoted language, denies that it was required to provide the quoted language, and avers that Plaintiff was on notice that he was communicating with a debt collector.

23. In response to Paragraph 23 of Plaintiff's Complaint, USI denies that it was required to advise that the debt was time-barred, as no settlement offer was made.

24. In response to Paragraph 24 of Plaintiff's Complaint, USI admits that Plaintiff claimed that the debt was no longer his obligation based upon his receipt of a Form 1099-C. However, a Form 1099-C does not legally extinguish or cancel a debt. *See, e.g., Capital One, N.A. v. Massey*, No. 4:10-cv-01707, 2011 WL 3299934, at *3 (S.D.Tex. Aug. 1, 2011) (holding that a 1099-C does not discharge a debtor from liability, and therefore, "the fact that Plaintiff issued a 1099-C in relation to the Borrowers' indebtedness is irrelevant and does not raise a genuine issue of material fact"); *see also Owens v. Comm'r*, 67 Fed.Appx 253, ___, 2003 WL 21196200, at *3 (5th Cir.2003) (issuance and filing of Form 1099-C does not constitute actual cancellation of the loan).

25. USI denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. USI denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint, upon information and belief.

27. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. USI denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. USI denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

## ANSWER TO CLAIMS FOR RELIEF
### COUNT I:

31. USI adopts by reference all prior paragraphs of this answer as though fully set forth herein.

32. In response to Paragraph 32 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute. USI denies that it violated any law.

33. USI denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. USI denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. In response to Paragraph 35 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute. USI denies that it violated any law.

36. In response to Paragraph 36 of Plaintiff's Complaint USI admits that Plaintiff purports to cite to non-binding Sixth Circuit case law.

37. In response to Paragraph 37 of Plaintiff's Complaint USI admits that Plaintiff purports to quote to non-binding Seventh Circuit case law.

38. In response to Paragraph 38 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite the referenced statute. USI denies that it violated any law.

39. USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. In response to Paragraph 40 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite to non-binding Seventh Circuit case law.

41. In response to Paragraph 41 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite and quote the reference Federal Register provision.

42. USI denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. USI denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. In response to Paragraph 44 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute. USI denies that it violated any law.

45. USI denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. USI denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

## ANSWER TO CLAIMS FOR RELIEF
## COUNT II:

47. USI adopts by reference all prior paragraphs of this answer as though fully set forth herein.

48. In response to Paragraph 48 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute. USI denies that it violated any law.

49. USI denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. USI denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of USI.

## THIRD DEFENSE

Any violation of any law, which USI denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against USI.

## FIFTH DEFENSE

Plaintiff lacks Article III standing to bring this claim and therefore subject matter jurisdiction does not exist.

## SIXTH DEFENSE

Any violation of law and resulting damages, which USI denies, resulted from the reliance upon written information that USI did not know and could not reasonably have known of the falsity or inaccuracy of the information.

**WHEREFORE,** USI prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against USI with prejudice and on the merits; and,

2. Awarding USI such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated: July 25, 2019						By /s/ Michael S. Poncin
											Michael S. Poncin, attorney-in-charge
											Minn. Bar #296417
											Moss & Barnett, PA
											150 South Fifth Street, Suite 1200
											Minneapolis, MN 55402
											Telephone:  (612) 877-5290
											Fax:  (612) 877-5056
											E-mail:  Mike.Poncin@lawmoss.com
											ATTORNEY FOR DEFENDANT
											USI SOLUTIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Mohammed O. Badwan, Esq.
mbadwan@sulaimanlaw.com
Joseph S. Davidson, Esq.
jdavidson@sulaimanlaw.com

          By /s/ Michael S. Poncin
          Michael S. Poncin, attorney-in-charge